IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DALE J. TERVEN                                                 PLAINTIFF

v.            Civil No. 14-5003

SHERIFF TIM HELDER, Washington
County, Arkansas; JENNIFER LAUB, Aramark
Kitchen Manager; and ARAMARK
CORRECTIONAL SERVICES, LLC                        DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights suit filed by the Plaintiff, Dale J. Terven, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

Plaintiff is not currently incarcerated. However, he was incarcerated in the Washington County Detention Center (WCDC) at all times relevant to this complaint.

Currently pending before the Court are two motions to dismiss. The first motion (Doc. 14) was filed by Aramark Correctional Services, Inc.; the second motion was filed by Jennifer Laub the kitchen manager for Aramark at the WCDC. Plaintiff has not responded to the motions. The motions are ready for decision.

### 1. Background

According to the allegations of the complaint, Plaintiff is a practitioner of the Jewish religion and has asked repeatedly for a kosher diet tray. Plaintiff states the facility has not accommodated his request and he is forced to either starve or go against his heritage and personal beliefs.

Plaintiff indicates that he has submitted multiple grievances on the touch pad kiosk but still has not received a kosher diet. Plaintiff also alleges that "Chaplain Adams tried to help me however

the Aramark employee and the Sheriff were of no help."

As relief, Plaintiff asks for Sheriff Helder to be demoted and Aramark fined. He additionally asks for all legal and filing fees to be paid in addition to an award of damages in the sum of $5,000.

### 2. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants maintain the complaint should be dismissed for the following reasons: (1) the lack of physical injury bars the case; (2) the complaint fails to allege facts showing that these Defendants conducted any wrongful activity or caused any alleged damage or injury; (3) Plaintiff failed to show that he exhausted his administrative remedies; and (4) Plaintiff has failed to allege that Defendants

acted under color of law or violated any of his constitutional rights. Each argument will be addressed in turn.

### (A). *Lack of Physical Injury*

Defendants maintain the complaint should be dismissed because Plaintiff did not allege that he suffered any physical injuries as required by the Prison Litigation Reform Act (PLRA). Codified as 42 U.S.C. § 1997e(e), section 803(d) of the PLRA provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Defendants are in error as to the meaning of this provision. The provision limits the available damages in the absence of a physical injury but does not preclude a Plaintiff from pursuing a claim. See Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004)(The physical injury requirement of the PLRA "limit[ed] recovery for mental or emotional injury in all federal actions brought by prisoners" but does not bar the recovery of nominal and punitive damages); see also Pool v. Sebastian County, 418 F.3d 934, 942 n.2 (8th Cir. 2005)(Section 1997e(e) presents an issue of damages under the PLRA).

### (B). *Failure to State a Claim*

"[T]he First Amendment guarantees prisoners the right to reasonable dietary and meal accommodations that comport with their religious beliefs." Sisney v. Reisch, 674 F.3d 839, 846 (8th Cir. 2012)(internal quotation marks and citation omitted). "[A]n individuals genuine and sincere belief in religious dietary practices warrants constitutional protection." LaFevers v. Saffle, 936 F.2d 1117, 1119 (10th Cir. 1991).

Defendants argue that they are merely food service suppliers and have no authority or

responsibility for selecting specialized meals for individual inmates. Defendants' counsel makes this argument in his brief. Nothing is provided to support these assertions. The Court has no information regarding Aramark's contract with Washington County or what authority Aramark or Laub have at the WCDC. Defendants may, of course, raise this argument again in a properly supported motion for summary judgment. At this procedural stage, Plaintiff has stated a plausible claim against Aramark and Laub.

### (C). *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion is mandatory. Porter v. Nussle, 534 U.S. 516, 524-25 (2002). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." Lenz v. Wade, 490 F.3d 991, 993 n. 2 (8th Cir. 2007).

Defendants argue that Plaintiff does not attach copies of his grievances, does not reference the content of the grievances, and does not allege that the grievances involved these Defendants.

However, Plaintiff asserts that he filed grievances on the touch pad kiosk at the WCDC asking for a Kosher diet. He even provided the grievance numbers. At this stage, these allegations are sufficient. As noted above, failure to exhaust is an affirmative defense.

**(D).** *Under Color of State Law*

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. West v. Atkins, 487 U.S. 42 (1988); Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir.1999).

Defendants maintain the Plaintiff has failed to allege facts showing that Defendants acted under color of state law. I disagree. As Aramark emphasizes, it is the food supplier for the WCDC. Plaintiff has alleged that he and Chaplain Adams attempted to obtain a religious diet from Plaintiff but neither the Sheriff or the Aramark employee, now identified as Jennifer Laub, were of any help.

This Court has, on a number of occasions, determined that Aramark, working pursuant to a contract, acts under color of state law in providing meals to prisoners. *See e.g.*, Wilmoth v. Aramark Correctional Services, LLC, 2012 WL 4472147 (W.D. Ark. Aug. 16, 2012); Setzer v. Aramark Correctional Services, 2011wl7071078 (W.D. Ark. Nov. 22, 2011); Jones v. Helder, 2011 WL 1193733 (W.D. Ark. March 29, 2011).

In Wilmoth this Court stated:

In West v. Atkins, 487 U.S. 42, 57 (1988), the Supreme Court concluded that a physician under contract to provide medical services to inmates at a state prison was a state actor because his function could fairly be held attributable to the state. The same reasoning applies here. Benton County has a constitutional obligation to provide nutritionally adequate meals to the inmates of the BCDC. Benton County has delegated this obligation to ARAMARK and ARAMARK contractually assumed this

obligation.

2012 WL 4472147, *5; *see also* Pagan v. Westchester County, 2014 WL 982876 (S.D.N.Y. March 12, 2014)(Aramark has contracted to perform the governmental function of providing nutritionally adequate food to prisoners in Westchester County); Williams v. Gloria, 2013 WL 3982348 (E.D. Pa. Aug. 2, 2013)("Aramark was acting under color of state law in the preparation of food for inmates"); Jubeh v. Dart, 2011 WL 6010267 (N.D. Ill. Nov. 29, 2011)(Aramark acted under color of state law); Drennon v. ABL, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006)(finding a food service contractor at a correctional facility to be acting under color of law).  The same reasoning applies to this case.

### 4.  Conclusion

For the reasons stated, I recommend that the Defendants' motions to dismiss (Docs. 14 & 21) be granted in part and denied in part.  Specifically, I recommend it be granted as to all official capacity claims and as to any claim for compensatory damages.  I recommend that it be denied in all other respects.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of July 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE