IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DALE J. TERVEN                                                                                                        PLAINTIFF

v.                                    Case No. 5:14-CV-05003

SHERIFF TIM HELDER, Washington County,
Arkansas; ARAMARK CORRECTIONAL
SERVICES, LLC; and JENNIFER LAUB                                DEFENDANTS

## O R D E R

Currently before the Court are the proposed findings and recommendations (Doc. 24) filed in this case on July 7, 2014, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. The time for filing objections has passed, and no objections have been filed by any party.

The Court has reviewed this case and finds that the report and recommendation should be ADOPTED IN PART. While the Court agrees with and adopts the analysis and general findings contained in the magistrate's report, the Court declines to adopt the magistrate's ultimate recommendation that certain of Plaintiff's claims are subject to dismissal. While the magistrate recommended dismissal of Plaintiff's official capacity claims, the report and recommendation did not contain any analysis of these claims or any reason for recommending dismissal. It does not appear that the issue was raised in Defendants' motions to dismiss. The Court, therefore, cannot find that Plaintiff's official capacity claims should be dismissed at this time.

As to any claims for compensatory damages, while the Court agrees that a showing of a prior physical injury as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), has not been made by Plaintiff at this time, a failure in pleading a prior physical injury does not necessitate dismissal of a claim brought pursuant to 42 U.S.C. § 1983. *Royal v. Kautzky*, 375 F.3d

720, 723 (8th Cir. 2004) (Congress did not intent § 1997e(e) to bar all forms of relief, and plaintiffs may still seek nominal or punitive damages for first amendment claims brought pursuant to 42 U.S.C. § 1983). Rather, an ultimate failure to show a prior physical injury would result in barring Plaintiff from recovering any compensatory damages. Failure to comply with § 1997e(e) is not an adequate basis, therefore, for the Court to grant dismissal of any claim or claims of Plaintiff. Furthermore, the Court is hesitant to conclusively bar such recovery at this early stage of litigation without allowing the pro se Plaintiff a chance to amend his allegations. It is not beyond the realm of possibility that Plaintiff could allege facts to support a showing that he sustained a physical injury as a result of not receiving an adequate religious diet. Given the fact that the Court finds that Plaintiff's claims are not otherwise subject to dismissal at this stage, the Court sees no harm in preserving consideration of compensatory damages for a later date.

Accordingly, for the reasons stated in the magistrate's report and recommendations and herein, IT IS ORDERED that Defendants' motions to dismiss (Docs. 14 and 21) are DENIED.

IT IS SO ORDERED this 13th day of August, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE